ORIGINAL

# In the United States Court of Federal Claims

No. 16-402C
(Filed August 25, 2016)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED

AUG 2 5 2016

U.S. COURT OF
FEDERAL CLAIMS

|   |   |
|---|---|
| **SYTERIA HEPHZIBAH,** | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

The matter before the Court is defendant's motion to dismiss this case pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons discussed below, defendant's motion is **GRANTED** due to plaintiff's failure to state a claim within this court's subject-matter jurisdiction.

### I. BACKGROUND

Plaintiff Syteria Hephzibah filed a complaint with this court on March 24, 2016. Plaintiff's pleadings address events arising from the government's prosecution of criminal charges against her. *See United States v. Hephzibah*, M.D. Fla. No. 3:15-cr-0016-MMH-MCR, Verdict, (April 27, 2016) ECF No. 141. Plaintiff asks this court to order a district court to transfer a civil case to this venue, to conduct an appellate review of an order of a district court, and to conduct an administrative review of an order of a district court. Plaintiff also appears to request that this court address some of the substantive issues underlying her procedural requests and award plaintiff money damages for alleged violations of her constitutional rights. Finally, plaintiff requests that this court enjoin a criminal trial against her. The government moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction.

USPS TRACKING #   **9114 9014 9645 0594 5522 38**
& CUSTOMER       For Tracking or inquiries go to USPS.com
RECEIPT          or call 1-800-222-1811.

On February 6, 2015, federal agents arrested Ms. Hephzibah on suspicion of attempting to obtain a United States passport by fraud in violation of 18 U.S.C. § 1542. *Hephzibah,* M.D. Fla. No. 3:15-cr-0016-MMH-MCR, ECF No. 1–2. The government subsequently indicted her in the United States District Court for the Middle District of Florida. Indictment (Feb. 18, 2015) ECF No. 8. On March 15, 2016, Ms. Hephzibah filed a civil case in that court asking it to enjoin the criminal trial against her and to award her money damages for alleged violations of her constitutional rights. *Hephzibah v. De Leon,* M.D. Fla. No. 3:16-cv-00248-TJC-MCR, ECF No. 1–2. Plaintiff contended that during her arrest and subsequent detention, agents subjected her to an unlawful search and seizure as well as falsely imprisoned her. *Id.* Plaintiff argued these actions violated her First, Fourth, Fifth, and Sixth Amendment rights and, pursuant to 18 U.S.C. §§ 241 and 242, claimed money damages of $4,433,000. *Id.* On March 18, 2016, the district court dismissed plaintiff's case for lack of subject-matter jurisdiction. Order (March 18, 2016) ECF No. 5. On April 27, 2016, the jury in the criminal case against Ms. Hephzibah found plaintiff guilty. *Hephzibah,* M.D. Fla. No. 3:15-cr-0016-MMH-MCR, ECF No. 141. Plaintiff's appeal of the verdict is currently pending, and plaintiff has not yet been sentenced. Minute Entry (August 15, 2016) ECF No. 180.

On March 24, 2016, Ms. Hephzibah filed three documents with this court, which were filed together as her complaint. Compl. First, in a document titled "Notice of Appeal," plaintiff asks this court to review the district court's dismissal of her civil claims. *Id.* at 1–2. Plaintiff does not cite any statute or case law as the basis for this claim. *Id.* Second, in a document titled "Petition to Transfer to Cure Want of Jurisdiction and for Leave to File under RCFC Rule 3.1," plaintiff seems to ask this court to order the district court to transfer her civil claims to this court. *Id.* at 5–10. Plaintiff contends that our authority to issue such an order derives from 28 U.S.C. §§ 1631, 1491, 1292(d)(4)(B), and 2344, as well as RCFC 3.1. *Id.* Third, in a document titled "Petition for Review of Administrative Action," Ms. Hephzibah appears to ask this court to administratively review the district court's dismissal of her claim based on the same statutes upon which her "Petition to Transfer" is grounded. *Id* at 15–20.

The captions of the above three pleadings were addressed to the district court. *Id.* at 1, 5, 15. Furthermore, plaintiff has previously submitted to that court pleadings identical to the above documents and titled them "Petition to Transfer to Cure Want of Jurisdiction and for Leave to File under RCFC Rule 3.1" and "Petition for Review of Administrative Action." *See Hephzibah*, M.D. Fla. No. 3:16-cv-00248-TJC-MCR, ECF No. 6, 9. By sending these pleadings to us, however, Ms. Hephzibah appears to request action by this court. Compl. at 1–2, 5–10, 15–20. Thus, the Court will construe the pleadings as directed to it.

Plaintiff also submitted to this court copies of her request that the district court award her monetary damages for violations of her constitutional rights. *Id.* at 37–54. By submitting this document, titled "Constitutional Rights and Civil Liberties Infringement Complaint," plaintiff appears to be asking this court to directly address these claims. *Id.*

On March 30, 2016, Ms. Hephzibah filed a document titled, "AMENDED Petition for Temporary Restraining Order and Preliminary Injunction" (Emerg. Petition). Plaintiff argues that she has copyrighted and trademarked her name and that district court officials and the government violated these rights when it used plaintiff's name in the criminal trial against her. *Id.* at 4–9. To prevent this infringement, Ms. Hephzibah asks this court to enjoin the criminal trial against her. *Id.* at 9. Alternatively, plaintiff appears to be asking this court to enjoin the government and district court from using her name in that trial. *Id.* at 9. Plaintiff contends our authority to issue such an order derives from Rule 65 of the Federal Rules of Civil Procedure --- which we construe to mean the Rules of the United States Court of Federal Claims --- Article VI of the United States Constitution, and 42 U.S.C. § 1983. *Id.* at 1. The government opposed plaintiff's motion for a temporary restraining order and preliminary injunction, arguing that our court lacks subject-matter jurisdiction over plaintiff's requests. Def.'s Resp. to Emerg. Petition (April 18, 2016) ECF No. 6.

The government moved to dismiss the case on May 23, 2016. It argues that plaintiff's requests that our court review the decision of the district court, order the district court to transfer the case, and issue a temporary restraining order and preliminary injunction against the criminal case do not fall under our court's subject-matter jurisdiction, and thus, under RCFC 12(b)(1), the case must be dismissed. Def.'s Mot. to Dismiss at 1 (Def.'s Mot.). The government's motion does not address plaintiff's constitutional claims. *See id.* at 1–4.

On June 22, 2016, Ms. Hephzibah filed a response to the government's motion to dismiss the case. Plaintiff argues that the court should enter judgment against the government because defendant "is in Default for failure to timely answer and rebut point-by-point" Ms. Hephzibah's assertions. Pl.'s Resp. at 1–2. Plaintiff also argues that the parties have consented to jurisdiction. *Id.* at 3. In a response filed on July 5, 2016, the government argues that default judgment is not warranted because our "rules allow defendant to respond to a complaint with either an answer or a motion to dismiss." Def.'s Reply at 2. The government also argues that it did not consent to jurisdiction and that even if it did, this court "cannot exercise jurisdiction by the consent of the parties." *Id.*

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it and must ultimately do so by a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

### B. Analysis

As an initial matter, Ms. Hephzibah appears to bring her claims against individual federal officers rather than against the United States. *See e.g.*, Compl. at 1 (plaintiff names fourteen defendants "in their individual capacities"). To the extent that Ms. Hephzibah is bringing claims against any of the named individuals, these pleadings do not meet the requirements of the Tucker Act and must be dismissed. *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." (emphasis omitted)). Taking plaintiff's *pro se* status into account, however, the Court construes her complaint liberally so as to be against the United States. Even so, the Court still finds that none of her claims fall within our jurisdiction.

#### 1. *The Court Lacks Subject-Matter Jurisdiction to Review an Order of a District Court*

The government correctly points out that this court does not have jurisdiction to review a district court order. Def.'s Mot. at 3. Our court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings

before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Accordingly, we do not have jurisdiction to review on appeal the District Court of the Middle District of Florida's order to dismiss Ms. Hephzibah's civil complaint before that court. Plaintiff also asks this court to conduct an "administrative review" of the district court's order; however, she does not identify a statute that would authorize us to do so. Compl. at 15–20. While section (b)(1) of the Tucker Act provides this court jurisdiction to review an administrative agency's award of a federal contract to a private party, the district court is not an agency, and Ms. Hephzibah is not challenging the awarding of a contract. *See id.* Thus, we lack subject-matter jurisdiction over the request and cannot conduct an administrative review of the district court's decision.

### 2. *The Court Lacks Subject-Matter Jurisdiction to Order the District Court to Transfer a Matter*

Plaintiff asks[1] that her civil claims before the district court be transferred to this court pursuant to 28 U.S.C. § 1631. Compl. at 10. The statute provides that "[w]henever a civil action is filed in a court . . . the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631 (2012). As the government notes, nothing in 28 U.S.C. § 1631 grants this court the power to order a district court to transfer a matter to us. Def.'s Mot. at 3. And, even if the statute did allow this, the request still fails to comply with the statute's requirement that the receiving court have jurisdiction over the case to be transferred. *Id.* As discussed below, this court does not have jurisdiction over plaintiff's underlying claim to enjoin a criminal trial against her. *Id.*[2]

Plaintiff also cites as authority 28 U.S.C. §§ 1491, 2344, and 1292(d)(4)(B), as well as RCFC 3.1. Compl. at 10. None of these authorities provide us the power to order a district court to transfer a case. While 28 U.S.C. § 1491 defines this court's jurisdiction, it does not authorize us to order a district court to transfer a case. Section 2344 discusses the process by which parties aggrieved by a final administrative order can challenge it before an appellate court; nowhere does this statute mention our court. Though 28 U.S.C. § 1292(d)(4)(B) outlines the rules for transferring actions from district court to our court, it does not enable this court to

---

[1] As noted earlier, these papers were captioned for the district court, but Ms. Hephzibah appears to request action by this court. Thus, the Court construes the papers to be directed here.

[2] Alternatively, to the extent we construe Ms. Hephzibah to be seeking review of the district court's decision not to transfer the matter to this court, we also lack subject-matter jurisdiction. As noted above, we lack the authority to review the orders of a district court. *Joshua*, 17 F.3d 378 at 380.

*order* such transfer. And finally, RCFC 3.1 merely establishes the filing requirements for transferring parties. For these reasons, the court lacks jurisdiction to order the district court to transfer plaintiff's civil claim here.

### 3.   *The Court Lacks Subject-Matter Jurisdiction over Plaintiff's Constitutional and Civil Rights Claims*

Plaintiff claims that the government violated her First, Fourth, Fifth, and Sixth Amendment rights and requests money damages of $4,433,000. Compl. at 37–54. The court's jurisdiction, under the Tucker Act, requires that a plaintiff identify a substantive source of law that creates the right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). But none of these amendments are money-mandating. *See Betz v. United States*, 40 Fed. Cl. 286, 293 (1998) (Fifth Amendment's Self-incrimination Clause); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (Fifth Amendment's Due Process Clause);[3] *Gable v. United States*, 106 Fed. Cl. 294, 298 (Fed. Cir. 2012) (Sixth Amendment); *Brown v. United States,* 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); *United States v. Connolly,* 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment).

Plaintiff also argues that 28 U.S.C. §§ 1331, 1343, and 1391 create a right to sue for money damages. Compl. at 40. But these statutes prescribe jurisdictional and venue rules for the federal district courts. Although this court is a federal court, it is not a federal district court. *See Warren v. United States*, 106 Fed. Cl. 507, 512 (2012). Thus, these statutes have nothing to do with our court's jurisdiction over any matter, much less Ms. Hephzibah's claims.

Plaintiff also maintains that she has a right to redress under the civil rights statute, 42 U.S.C. § 1983. Compl. at 40. Our court, however, "does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts." *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005); *see also Bowles v. United States*, No. 14-1241C, 2015 WL 4710258, at *3 (Fed. Cl. July 31, 2015).[4]

---

[3] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim seeks the return of money paid to the federal government, under the rubric of an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014). Plaintiff does not raise such a claim, nor does she allege a violation of the money-mandating Takings Clause of the Fifth Amendment.

[4] Moreover, 42 U.S.C. §§ 1981, 1983, 1985, and 1986 apply to actions of state and local, *not federal*, officials. *See Griffith v. United States*, No. 14-793C, 2015 WL 1383959, at *2 (Fed. Cl. Mar. 20, 2015).

Finally, plaintiff alleges that 18 U.S.C. §§ 241 and 242 provide a right to sue for money damages. Compl. at 51–52. This is incorrect. Section 241 provides for criminal penalties for those conspiring against the exercise of rights, and Section 242 sets the criminal punishments for actions under color of law that deprive one of rights based on a person's status as an alien or by reason of color or race. These statutes "are criminal statutes that provide no basis for a civil action in any court." *Clarke v. United States*, No. 10-283C, 2010 WL 2143675, at *2 (Fed. Cl. May 24, 2010). The Court of Federal Claims does not have jurisdiction to entertain criminal matters. *Joshua*, 17 F.3d at 379; *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Stanwyck v. United States*, 127 Fed. Cl. 308, 313–15 (2016).

For the above-stated reasons, plaintiff's constitutional and statutory claims fall outside this court's jurisdiction.

### *4. Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order Does Not Establish Our Jurisdiction*

Nothing contained in plaintiff's motion for injunctive relief establishes our court's jurisdiction over the subject matter of her claims. Plaintiff alleges she has copyright and trademark rights to her name. Emerg. Petition, at 4–9. To prevent the government from allegedly infringing these rights by using her name during the criminal trial against her, Ms. Hephzibah asks this Court to issue a temporary restraining order and preliminary injunction staying those proceedings. *Id.* Plaintiff argues that such relief is authorized by 17 U.S.C. § 502, Rule 65 of the Rules of the United States Court of Federal Claims, and Article VI of the United States Constitution. *Id.* at 2–4.[5]

Under plaintiff's trademark infringement theory, her request fails for lack of jurisdiction. Under the Tucker Act, this court cannot grant equitable relief unless such relief is "incident of and collateral to" a money judgment that this court can issue. 28 U.S.C. § 1491 (a)(2); *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (holding this court has "no power to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment."). But under the Tucker Act, this court lacks jurisdiction over claims that sound in tort. 28 U.S.C. § 1491(a). Trademark infringement sounds in tort, and thus has not been placed within our jurisdiction. *See Lockridge v. United States*, 218 Ct. Cl. 687, 688–90 (1978).[6]

---

[5] The provisions of Article VI relied upon by plaintiff --- the Supremacy Clause and the oath of office requirement --- have nothing to do with our court's authority to grant injunctive relief.

[6] Though cases alleging trademark *infringement* are not within our court's jurisdiction, this is not to say that all cases involving trademarks will fall outside

Because this court lacks jurisdiction to award monetary relief for Ms. Hephzibah's trademark claims (or any of her other claims), there can be no equitable relief that is "tied and subordinate" to such relief. Consequently, the Court lacks authority to grant plaintiff's injunctive request under her trademark theory.

Under plaintiff's copyright theory, her request similarly fails for lack of jurisdiction. Section 1498 of Title 28 grants this court jurisdiction to hear a limited range of copyright disputes. *Boyle v. United States*, 200 F.3d 1369, 1374–73 (Fed. Cir. 2000). But in order to sue for copyright infringement, 17 U.S.C. § 411(a) requires that a plaintiff establish that the copyright is registered or that the Copyright Office has refused to register the copyright. *Jennette v. United States*, 77 Fed. Cl. 126, 132 (2007). As names are not by law copyrightable, 37 C.F.R. § 202.1(a), plaintiff is unable to establish a necessary condition to sue for copyright infringement. *See Miles v. United States*, No. 14-416C, 2014 WL 5020574, at *3–4 (Fed. Cl. Oct. 6, 2014). Thus, we have no authority to grant Ms. Hephzibah's injunctive request under her copyright theory.

### *5. Subject-Matter Jurisdiction Cannot Be Established by Consent or Default*

Plaintiff argues that the court should enter default judgment against the government because defendant has not answered her assertions, Pl.'s Resp. at 1–2, and that subject-matter jurisdiction exists because the parties have consented to it, *id.* at 3. Plaintiff's first argument fails because, as the government notes, RCFC 12(b) allows defendant to respond to a complaint with either an answer or a motion to dismiss. Thus, default judgment in Ms. Hephzibah's favor is not warranted. Plaintiff's second argument fails because the government did not consent to jurisdiction in this court and, even if it did, consent of the parties to a suit does not establish jurisdiction. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant."); *cf. John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–36 (2008) (discussing the inability of the government to waive the statute of limitations in this court as it is a jurisdictional bar). Thus, subject-matter jurisdiction does not exist over plaintiff's claims. In any event, if the government failed to move to dismiss plaintiff's case, the Court would be required to dismiss the case on its own, under RCFC 12(h)(3), because all of plaintiff's claims are plainly outside our jurisdiction.

---

our jurisdiction. *See, e.g., Hazeltine Corp. v. United States*, 145 Ct. Cl. 138 (1959) (addressing the tax implications of abandoning trademarks); *Sterling, Winchester & Long, L.L.C. v. United States*, 83 Fed. Cl. 179 (2008) (resolving the limits of a trademark license agreement plaintiff entered into with the U.S. Postal Service).

## III.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss this case, pursuant to RCFC 12(b)(1), is **GRANTED** due to a lack of subject-matter jurisdiction. Plaintiff's motion for a preliminary injunction and temporary restraining order is **DENIED,** also for lack of subject-matter jurisdiction.  The Clerk is directed to close this case.[7]

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

[7] Plaintiff's unopposed motion for *in forma pauperis* status is **GRANTED.** Plaintiff is not subject to the inmate-account procedures directed by 28 U.S.C. § 1915 because -- although accused of a crime -- she was apparently not detained at the time she filed her complaint here and thus, with respect to that complaint, is not considered a "prisoner" under the act.  *Cook v. Todd*, No. CV409–031, 2009 WL 1288854, at *1 n.1 (S.D. Ga. May 8, 2009) ("pre-trial defendants are not 'prisoners' under the PLRA if they are not 'incarcerated or detained in any facility'").